## LOUISE C. BALL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19564. Promulgated May 29, 1929.

*Charles M. Rosenbluh, C. P. A.,* for the petitioner.
*Eugene Meacham, Esq.,* for the respondent.

### OPINION.

TRAMMELL: The respondent determined deficiencies in income tax for the years 1919, 1920, 1921, and 1922 in the amounts of $49.71, $658.37, $2,838.50, and $2,380.89, respectively, and added penalties for failure to file returns in the amounts of $12.43, $164.59, $709.63, and $595.22, respectively. The petitioner assigns no error with respect to the penalties, but complains of the respondent's action (1) in denying increased personal exemption as head of a family, and (2) in denying deductions for debts alleged to have been ascertained to be worthless and charged off within the taxable years.

The petitioner bases her claim to increased personal exemption as head of a family on the fact that during the taxable years she maintained a home or homes, which were occupied by herself and mother. It appears, however, that the mother had an independent income of more than $200 per month from investments in securities, and was not dependent financially upon the petitioner. We think the petitioner is not entitled to the increased exemptions claimed. *Chester F. Morrow,* 9 B. T. A. 448.

The petitioner claims deductions for alleged bad debts in the total amount of $31,745. It is alleged that she made loans to eight different individuals during the years from 1912 to 1921, inclusive, in the total amount of $32,395, and was repaid the aggregate sum of $650 thereon, leaving said balance of $31,745. Of the alleged debtors, all had died prior to the hearing, except one, who had disappeared. One of the debtors died in 1912, the year in which the loan to him was made. The petitioner was unable to produce any written evidence of the alleged debts, or evidence of any kind to corroborate her testimony. Several of the alleged loans were made to near blood relatives of the petitioner, under such circumstances as strongly to

suggest the probability that they were gifts. However, if we should assume that the transactions in question created debts and that they gave rise to legal obligations in favor of the petitioner, the evidence wholly fails to establish that the debts, or any of them, became or were ascertained to be worthless in the taxable years for which the deductions are claimed. A debt is deductible only when ascertained to be worthless and charged off within the taxable year for which the deduction is claimed. *Greenville Textile Supply Co.*, 1 B. T. A. 152; *West Virginia & Pennsylvania Coal & Coke Co.*, 1 B. T. A. 790; *Max Baumann et al., Executors*, 8 B. T. A. 107.

The determination of the respondent is approved.

Reviewed by the Board.

*Judgment will be entered for the respondent.*